JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KIRK ENNIS

**DEFENDANTS**
NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Tara L. Patterson, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. SECTION 1692
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE 3-22-11

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 112 Tyler Court, Uniontown, PA 15401

Address of Defendant: 507 Prudential Rd., Horsham, PA 19044-2308

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☑

Does this case involve multidistrict litigation possibilities?     Yes☐   No☑

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases 15 U.S.C. § 1692
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Tara L. Patterson , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 3-22-11      Tara L. Patterson           88343
                   Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3-22-11      Tara L. Patterson           88343
                   Attorney-at-Law           Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Kirk Ennis      :      CIVIL ACTION

v.      :

NCO Financial Systems, Inc. :      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| 3-22-11 | Tara L. Patterson | Kirk Ennis |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 | 877-788-2864 | tpatterson@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIRK ENNIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case No.:** |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| Defendant | ) | |
| | ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

KIRK ENNIS ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC., ("Defendant"):

## INTRODUCTION

1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

- 1 -

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business and has an office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person residing in Uniontown, Pennsylvania 15401.

7.      Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania, 19044-2308.

9.      Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff when seeking to collect a consumer debt of another person.

10.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.   The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.   In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false,

- 3 -

deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively

-4-

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.   Defendant and others it retained constantly and continuously placed harassing and abusive collection calls, continuing through January 11, 2011, to Plaintiff seeking and demanding payments for an alleged consumer debt of another person.

16.   Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions primarily for personal, family, or household purposes.

17.   Defendant and others it retained placed calls to Plaintiff's home telephone.

18.   Defendant and others it retained placed calls to Plaintiff from multiple telephone numbers including: 323-372-6326; 707-307-4222; 443-205-1056; and 206-629-8633, which the undersigned has confirmed belong to Defendant.

19.   Defendant and others it retained informed Plaintiff that Defendant was calling about a debt belonging to another individual.

20.   Plaintiff advised Defendant and others it retained on numerous occasions that he did not know the individual, that the individual did not live with him, and not to call him anymore.

- 5 -

21.   Plaintiff informed Defendant on multiple occasions that it has the wrong telephone number and to stop calling him.

22.   In fact, Plaintiff informed Defendant, through its representative "Gale," that Defendant had the wrong telephone number and to stop calling him.

23.   Despite Plaintiff's instructions to stop calling him, Defendant continued to place constant collection calls to Plaintiff, sometimes calling up to four (4) times in a single day.

24.   The repetitive calls to Plaintiff were disturbing, harassing, an invasion of privacy and caused Plaintiff to not answer his phone.

25.   Defendant failed to investigate or verify contact information prior to and after calling Plaintiff.

26.   Defendant failed to update its records to avoid further harassment of Plaintiff.

27.   Defendant conducted its collection activities in ways that were factually misrepresented and in violation of the FDCPA.

## CONSTRUCTION OF APPLICABLE LAW

28.   The FDCPA is a strict liability statute.  Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996);

- 6 -

see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding

unintentional misrepresentation of debt collector's legal status violated FDCPA);

Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

29.    The FDCPA is a remedial statute, and therefore must be construed

liberally in favor of the debtor.  Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235

(W.D. Wash. 2006).   The remedial nature of the FDCPA requires that courts

interpret it liberally.  Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d

1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA)

15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in

favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

30.    The FDCPA is to be interpreted in accordance with the "least

sophisticated" consumer standard.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168

(11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v.

Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA

was not "made for the protection of experts, but for the public - that vast multitude

which includes the ignorant, the unthinking, and the credulous, and the fact that a

false statement may be obviously false to those who are trained and experienced

does not change its character, nor take away its power to deceive others less

experienced."  Id.   The least sophisticated consumer standard serves a dual

purpose in that it ensures protection of all consumers, even naive and trusting,

against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

31.   Defendant violated the FDCPA based on the following:

    a.  Defendant violated of the FDCPA generally;

    b.  Defendant violated §1692b(2) of the FDCPA by informing Plaintiff that another individual owed a debt;

    c.  Defendant violated §1692(b)(3) of the FDCPA by calling Plaintiff more than once in connection for the collection of a debt for another individual;

    d.  Defendant violated §1692c(b) of the FDCPA by communicating with Plaintiff about a debt allegedly owed by another individual;

    e.  Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    f.  Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff; and

- 8 -

PLAINTIFF'S COMPLAINT

g. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt.

32.   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs

WHEREFORE, Plaintiff, KIRK ENNIS, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

b. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

c. Actual damages,

d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

e. Any other relief that this Honorable Court deems appropriate.

PLAINTIFF'S COMPLAINT

1

## DEMAND FOR JURY TRIAL

2

3    PLEASE TAKE NOTICE that Plaintiff, KIRK ENNIS, demands a jury trial

4   in this case.

5                                    RESPECTFULLY SUBMITTED,

6    DATED: 3-22-11                  KIMMEL & SILVERMAN, P.C.

7                                    By: _____
                                     Tara L. Patterson
8                                    Attorney ID # 88343
                                     Kimmel & Silverman, P.C.
9                                    30 E. Butler Pike
                                     Ambler, PA 19002
10                                   Phone: (215) 540-8888
                                     Fax: 877-788-2864
11                                   Email: tpatterson@creditlaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT